**UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA COLUMBIA DIVISION**

**Isaiah Wesley,** Plaintiff,

v.

**The LCF Group, Inc.,** Defendant.

Civil Action No. _____

## PRO SE CIVIL COMPLAINT

### JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1332(a). Plaintiff is a citizen of South Carolina. Defendant is a citizen of New York. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's claims arise under South Carolina law, including the South Carolina Uniform Commercial Code.

### PARTIES

Plaintiff Isaiah Wesley is a South Carolina resident. Plaintiff's residence is 126 Sydney Circle, Neeses, South Carolina 29107.

Defendant The LCF Group, Inc. is a New York corporation with a principal address at 3000 Marcus Ave, Suite 2W15, New Hyde Park, NY 11042.

**STATEMENT OF FACTS**

Defendant entered into a merchant cash advance agreement with Plaintiff's businesses. The agreement purported to limit Defendant's interest to future receivables and did not authorize the blanket liens as filed and maintained by Defendant.

Despite this limitation, Defendant filed a UCC-1 Financing Statement on September 14, 2022 (Filing No. 220914-1716348), asserting a blanket lien on all assets. Defendant filed a second UCC-1 on June 20, 2023 (Filing No. 230620-1644529), again asserting a blanket lien.

On November 20, 2025, Plaintiff demanded termination of the UCC filings pursuant to S.C. Code § 36-9-513. Defendant acknowledged termination but terminated and re-filed a new UCC-1 the same day (Filing No. 251120-1749206), without lawful justification. Defendant's emails conditioned termination on payment, demonstrating bad faith.

Plaintiff does not assert claims under the Fair Debt Collection Practices Act or the Gramm-Leach-Bliley Act, and any references thereto appear solely as evidence of Defendant's notice, coercion, and bad faith.

# COUNT I – WRONGFUL AND BAD-FAITH UCC FILINGS

(S.C. Code §§ 36-9-509, 36-9-513, 36-9-501(c), 36-9-625)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

Even assuming arguendo that Defendant possessed limited authority to file a financing statement, Defendant exceeded any such authority by filing, maintaining, terminating, and re-filing blanket UCC liens in bad faith and for coercive purposes, rather than to perfect a legitimate secured interest.

Defendant expressly conditioned termination of its UCC filing on payment of disputed sums and, after Plaintiff invoked statutory rights under South Carolina law, terminated and re-filed a UCC-1 financing statement on the same day. This conduct evidences retaliatory intent and bad-faith misuse of the UCC filing system, prohibited under Article 9.

A representative of Defendant admitted in writing that the UCC filing was "in error," yet Defendant continued to maintain and re-file the lien. Such conduct demonstrates knowing

and willful disregard of statutory requirements and confirms that the filing was not the result of mistake or inadvertence.

Defendant's conduct constitutes the knowing and willful filing or maintenance of a false or unauthorized record in violation of S.C. Code § 36-9-501(c), as well as a failure to comply with mandatory termination requirements under S.C. Code § 36-9-513.

As a direct and proximate result of Defendant's wrongful and bad-faith UCC filings, Plaintiff suffered substantial damages, including denied financing, loss of business opportunities, business interruption, reputational harm, and economic losses exceeding $250,000, with total damages continuing to accrue.

# COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

(Willful, Wanton, and Reckless Conduct – Punitive Damages Sought)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

Defendant intentionally and improperly interfered with Plaintiff's existing and prospective business relationships by knowingly filing, maintaining, terminating, and re-filing UCC financing statements without lawful justification, and for purposes unrelated to the legitimate perfection of any secured interest.

Defendant knew, or was substantially certain, that its UCC filings are public records relied upon by lenders, banks, insurers, and commercial counterparties in evaluating creditworthiness and business risk, and that such filings would impair Plaintiff's ability to obtain financing, credit, and business opportunities.

After receiving explicit written notice that the UCC filings were unauthorized and unlawful under South Carolina law, Defendant consciously disregarded Plaintiff's statutory rights by conditioning termination on payment of disputed sums and by terminating and re-filing a UCC lien on the same day. This conduct evidences retaliatory and coercive intent rather than good-faith commercial conduct.

Defendant's conduct was willful, wanton, reckless, and undertaken in conscious disregard of Plaintiff's rights, and constituted improper means and improper purpose under South Carolina tort law, independent of any contractual relationship between the parties.

As a direct and proximate result of Defendant's intentional misconduct, Plaintiff suffered substantial damages, including but not limited to denied financing, loss of business opportunities, business interruption, reputational harm, and economic loss exceeding $250,000, with total damages continuing to accrue.

Defendant's actions were not the result of mistake or negligence, but rather a deliberate course of conduct designed to exert leverage, coerce payment, and punish Plaintiff for asserting statutory rights.

Defendant's conduct, as alleged herein, was willful, wanton, reckless, malicious, and in conscious disregard of Plaintiff's rights, as those standards are recognized under South Carolina law governing punitive damages. Defendant acted with actual knowledge that its conduct was unauthorized and unlawful under South Carolina's Uniform Commercial Code, yet intentionally persisted in filing, maintaining, terminating, and re-filing UCC liens for coercive and retaliatory purposes rather than any legitimate commercial justification.

Such conduct demonstrates a deliberate indifference to Plaintiff's rights and the foreseeable harm to Plaintiff's business relationships, thereby warranting an award of punitive damages to punish Defendant and to deter similar misconduct.

## Damages and Relief Sought

As a direct and proximate result of Defendant's unlawful and tortious conduct, Plaintiff suffered substantial compensatory damages, including but not limited to:

a. Denied financing and credit opportunities, including rejection by lenders and commercial counterparties who relied upon Defendant's wrongful UCC filings;

b. Loss of business opportunities and contracts, including the inability to pursue or consummate revenue-generating transactions;

c. Business interruption and operational impairment, resulting from restricted access to capital, increased costs, and lost productivity;

d. Reputational and goodwill harm, including diminished creditworthiness and standing in the commercial marketplace;

e. Out-of-pocket losses and consequential economic damages, the precise amount of which will be proven at trial.

Plaintiff's compensatory damages are reasonably estimated to exceed $250,000, exclusive of interest and costs, and continue to accrue.

Respectfully submitted,

/s/ Isaiah Wesley

*Isaiah Wesley*

12-17-2025

Isaiah Wesley
Pro Se Plaintiff
126 Sydney Circle
Neeses, SC 29107
Email: chavo281@icloud.com
Date: 12-17-2025